# STATE OF MARYLAND

## CIRCUIT COURT FOR CALVERT COUNTY

WAYNE E. COLEMAN [Pro Se]

Plaintiff,

---- v. ----

CALVERT COUNTY;
CALVERT COUNTY SHERIFF DEPARTMENT;
SUPERVISING OFFICER PHELPS;
OFFICER GOTT; OFFICER CRESS AND
SHERRIF MIKE EVANS
in their individual and official capacities.

Defendants

C.C. No. C15 - 156

JURY DEMAND

## CIVIL RIGHTS COMPLAINT

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. This is a civil action complaint for declaratory, injunctive and other appropriate relief brought by Plaintiff, Wayne E. Coleman, a Non-Citizen Moor National, free and natural man, appearing pro se. Mr. Coleman brings this complaint for violations of his individual and associational rights under the Forth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. 1983, 1985,1981 18 U.S.C. 241 and 242.

3. The District Court of Maryland is a appropriate venue under 28 U.S.C Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLANTIFFS

Plaintiff, Wayne Everette Coleman, is and was at all times mentioned herein a Non-Citizen Moor National, free and natural man, in Friendship, Maryland.

## III. DEFENDANTS

1. Defendant, Sheriff Mike Evans is Warden of the County Jail, reviews general work assignments and development of staff in Law Enforcement and Corrections Divisions.

2. Defendant, Deputy First Class Phelps is a certified officer requiring sworn status to maintain public peace, protect life and property, and enforce laws.

3. Defendant, Deputy First Class G. Gott is a certified officer requiring sworn status to maintain public peace, protect life and property, and enforce laws.

4. Defendant, Deputy Cress is a certified officer requiring sworn status to maintain public peace, protect life and property, and enforce laws.

5. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## III. FACTS

6. On or about 9:50 A.M. of February 4th of 2014, I was traveling along Rt. 260, heading west, returning to my home from picking up meds from the CVS pharmacy. Plaintiff noticed a sheriffs' cruiser parked along the road, which was immediately behind as Plaintiff passed. Observing his emergency lights, the Plaintiff pulled over, concerned if someone was hurt, or injured, and if could be of help. Plaintiff came to a stop about 30 feet past St. Andrews Drive. Officer G. Gott came to the truck door and told Plaintiff the truck was without plates. Plaintiff told Officer Gott that he was aware and was traveling in private property and was not performing any acts of commerce. Defendant Got asked for a license and Plaintiff asked did he have any documentation showing that I was required to have such a thing. Plaintiff then told Officer G. Gott the truck was his personal property, of which he had a sales receipt and a "Not for Hire" sign posted in clear view. Plaintiff handed him a personal identification card and a "Public Servant Questionnaire" pursuant to the Privacy Act of 1974. (See Exhibit 1).

7. Officer G. Gott took the papers and started to return to his vehicle as the other defendants arrived. I watched as Officer G. Gott attempted to show Officer Phelps, the supervising officer, the papers. DFC Phelps brushed DFC G. Gotts away. Now there are three deputy officers, parked along and in the road, all heading toward the Plaintiff.

8. As officers approached, Officer Cress took the passenger side, for he was no longer in view. As Officer G. Gott and Officer Phelps came to the controller's side, Officer Phelps took the lead in demanding license and asking about plates. The Plaintiff told Officer Phelps, "I do not consent to search or seizure" and asked "are you acting in the capacity of your oath. Plaintiff asked officer Phelps had he in his procession certified documentation showing that Plaintiff required any of the items that he had demanded. At this point Officer Phelps unlawfully snatched open the truck door and uttered "You're under arrest". In the same action he aggressively grabbed Plaintiff by the neck as the others converged and began to forcibly drag Plaintiff into traffic.

9. Now forcibly carried off and restrained between the vehicles on the roadway by the three men in costume, Plaintiff again protested that he did not consent to search or seizure as Officer Phelps began searching Plaintiff's person, tearing through every pocket of shirt, coat and pants while forcibly held by the three Defendants, until coming across Plaintiff's wallet in back pocket. Officer Phelps then tore the wallet apart and upon locating Plaintiffs' VA license, handed it to Officer Gott, then tossing the wallet onto the hood of a cruiser. Plaintiff was then unhanded and ordered to sit on the railing along the road. Plaintiff asked each officer for their identification and all refused. Officer Gott left to the cruiser with the license as the Defendants surrounded Plaintiff with their hands on their weapons. They continued to threaten Plaintiff while Officer Gott ran the license, at which time Officer Phelps and Officer Cress took turns searching Plaintiff's truck as Plaintiff protested. The Plaintiff continued to state that there is no consent to searches or seizures and pled they would stop their grievous behavior.

10. When not fishing through Plaintiffs' truck, these two men stood three feet in front and either side of Plaintiff with their hands on the handle of their guns. Officer Cress threatened to take Plaintiff's phone because it was distracting. Officer Phelps asked did I have a friend I wanted to call and pick me up. Soon Deputy G. Gott returns from his cruiser crammed Plaintiff's information and a ticket into his hand.

11. After which, all three Officers stood before Plaintiff in a menacing stance, hands on weapons, till Officer Phelps returned to the truck retrieving my keys and removing the ignition key off the chain as he tells the little knife on the key-ring was a dangerous weapon. Officer Phelps then made call for a tow truck, at which time the Plaintiff informed Officer Phelps that the Plaintiff would pay for a tow to Plaintiff's home (three miles away) but would not pay for them to just take Plaintiff's private possessions. Plaintiff asked Officer Phelps on what grounds would he be impounding Plaintiff's truck and he, unable to site the legal code stated, "it couldn't be on the road without a tag". Plaintiff then informed the Defendants that legal and commercial remedy for their assault and robbery would be sought.

12  Next, Officer Phelps asked if I wanted anything out of my truck and I could only think of an unsealed, stamped letter I was on my way to mail. He re-entered the truck, located the letter and after reading the contents, brought it to me. After which, Officer Phelps returned to the semicircle formation three feet in front of me with his hand back on his weapon like the others.

13. Officer Phelps filled out a form stating the truck was the Plaintiffs' property and it's location, but it lacked the law, statue or code for which he was taking it. After an hour of being ordered to sit on the rail, Deputy Phelps placed the key-chain on the rail about thirty feet north and told Plaintiff not to return.

14. Over the next few days, Plaintiff was able to speak with Sheriff Mike Evens by phone. Plaintiff was able to explain to him that his deputy sheriff's had no grounds to take his possessions or to lay hands on him. Plaintiff then faxed and emailed a Police Magazine article (Exhibit B) warning officers of infringing on people's Fourth Amendment rights by unreasonable impounding. Mike Evans without concern said he'll have the lawyer's take a look and hung up. Plaintiff did make plea to numerous Sheriff's department's figureheads and staff for my meds, left in front seat, and was informed that they would not bring them or help in any way.

15. The Plaintiff was charged with one or more crimes, specifically 1) driving uninsured vehicle, 2) failure to attach vehicle registration plates at front and rear and 3) operating unregistered motor vehicle on highway. The criminal proceedings were terminated in favor of plaintiff is a manner indicating plaintiff was innocent. (See Exhibit 3)

16. Now after 30 days without meds and other personal property, a friend, upon noticing Plaintiffs' poor condition, made loan of over $1200, that was used to pay extortion and assorted ongoing extortion fees to regain Plaintiffs' property.

17. These chain of events caused the Plaintiff to go without medications for approximately one month period which resulted in the 15% loss of vision due to Hypertensive Retinopthy or the bursting of blood vessels to the retina. Also, numerous contracts were lost due to Plaintiff being deprived of only means of getting to job sites and deprived of funds to renew Plaintiff's Home Improvement License and insurance, thus closing Plaintiff's business. Out of necessity, Plaintiff retained the aid of a psychiatrist to cope with the issues that have resulted from these knowing, intentional, willful and malicious actions.

18. Each of the Defendants, individually, and in concert with the others. Acted under color of law in his/their official capacity, to deprive Plaintiff of his rights to freedom from illegal searches and seizure of his person, papers, and effects and his rights to freedom from unlawful arrest, detention, and imprisonment. All of the rights are secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. Section 1983 and 1988.

19. The Defendants, Evans and the Calvert County Sheriff Department, failed to adequately supervise and train Defendants Phelps, Gott and Cress.

20. At the time of the incidents alleged herein and before, Plaintiff was emotionally and physically active and fully capable of engaging in normal day-to-day activities. Since the time of the unprovoked attack, their false arrest and detention, intimidations by weapons and thief of property, the Plaintiff's ability to perform and enjoy his usual activities, including family and work-related activities, has been impaired. In addition, the Plaintiff has suffered severe emotional distress and mental anguish affecting his psychological well-being. Further, Plaintiff has suffered a significant amount of vision due to the withholding of medications housed within the illegally impounded truck.

21. As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial.

## IV. EXHAUSTION OF LEGAL REMEDIES

22. Plaintiff Wayne Coleman used the Standard Form 95 as prescribed by the Dept. of Justice. The form being sent to both Sec. Of State, the D.O.J. and Calvert County Sheriff Department on 02/05/2014. The Defendants have yet to respond. Complained to Sheriff Mike Evans by phone, fax and email with ideas of how situation could be corrected. Claim has been transmitted to State Treasurer and responded to.

## V. LEGAL CLAIMS

### Violation of Civil Rights Pursuant to Title 42 U.S.C. Section 1983 (General Allegations)

23. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1 – 22 of this complaint.

24. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from false arrest: and f) the right to just compensation for taking of property.

25. The Defendant's did put the Plaintiff in jeopardy by removing Plaintiff in an adjacent county, requiring the heart attack survivor to walk three miles in the winter to his home.

26. In violating Plaintiffs's rights set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless illegal stop, search and seizure of Plaintiff. The illegal and warrantless stop set in motion the chain of events that led an unauthorized and warrantless illegal search and seizure and the use of excessive force by Defendants, in violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C section 1983.

28. The conduct of the Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

### Violation of Civil Rights Pursuant to Title 42 U.S.C. section 1983
(Failure to Implement Appropriate Policies, Customs and Practices)

29. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1 – 28 of this Complaint.

30. Defendant Mike Evans, in his capacity as Sheriff of Calvert County, Maryland, and the Defendant, Calvert County, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Calvert County Sheriffs' Department to break and enter, assault and batter using excessive force where less severe alternatives existed.

31. The exhibition of deliberate indifference shown by a pattern of inadequate training, supervision, and discipline of deputy officers provided that there is a causal connection between such inadequacies and the risk of harm to others. Inadequately trained officers in terms of both arrest procedure and mental aptitude (understanding of printed word) committed a series of mistakes resulting in serious injuries to an innocent man. There were no consequent sanctions or even reprimands. From these facts, a clear pattern of inadequate officer training and discipline emerges.

32. As a result of this deliberate indifference to Coleman's rights, Coleman suffered personal injuries and mental angriest and is entitled to relief under 42 U.S.C. Section 1983.

33. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; and e) the right to just compensation for taking of property.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. Section 1983
### (Use of Excessive Force)

34. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-33 of this Complaint.

35. The Defendant, Calvert County, Maryland, has adopted policies, procedures, practices of customs within the Sheriffs Department that allow, among other things, the use of excessive force when other more reasonable and less drastic methods are available.

36. The actions of Defendant Calvert County, Maryland amount to deliberate indifference to the rights of the Plaintiff to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

37. As a result of the deliberate indifference to Coleman's rights by Calvert County, Maryland and its agents, servants and employees, Mr. Coleman suffered serious personal injuries and loss of the value of uncorrected vision and peace of mind, and are entitled to relief under 42 U.S.C. Section 1983.

## COUNT IV
### Violation of Civil Rights Pursuant to 42 U.S.C. Section 1983
### (False Arrest)

38. Plaintiff reallege and incorporate herein by reference the allegations set forth in Paragraphs 1-37 of this Complaint.

39. In committing the acts complained of herein, Defendants Phelps, Gott and Cress acted under color of state law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendants violated Plaintiffs' right under the Forth, Fifth and Fourteenth Amendments to the Constitution of the United States.

40. As a direct and proximate result of the violation of his constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. Section 1983.

## COUNT V
### Violation of Civil Rights Pursuant to Title 42 U.S.C. Section 1983
### (Deprivation of Property Without Due Process of Law)

41. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-40.

42. Defendant Phelps, in concert with the other Defendants at the scene, intentionally violated the civil rights of the Plaintiff by his malicious and wanton disregard for Plaintiff's property rights. The thief of Plaintiff's truck amounted to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

43. Specifically, the conduct of Phelps included the unnecessary and unprovoked taking of personal property, Plaintiff's only means of conveyance, upon which the retrieval of heart medications and doctor visits would not be possible.

44. Defendant Phelps and the other Defendants, either with specific intent to violate the Plaintiff's civil rights or with reckless disregard of the probability of causing that violation, did intimidate with weaponry and shear force of numbers, without just provocation or judicial merit, behaved in a manner that was so extreme and outrageous that it went beyond the bounds of decency. This armed robbery caused severe emotional distress to the Plaintiff and the Plaintiff is entitled to compensatory and punitive damages.

## COUNT VI
### Violation of 42 U.S.C. sec. 1985(3)
### (Conspiracy)

45. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-44.

46. On or around 4 February 2014, the first step in the conspiracy taken by Defendants Phelps, Gott and Cress when they decided to stalk/stakeout the Plaintiff's truck, on thru the last step of Defendant Mike Evans condoning and supporting their actions.

47. In committing the aforementioned acts, each Defendant directly and proximately injured, damaged and caused emotional distress and physical duress to the Plaintiff herein.

## COUNT VII
## Violation of Title 18 U.S.C. Section 241
## (Conspiracy Against Rights)

48. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-39.

49. On or about February 4, 2014, in Chesapeake Beach, in Calvert County, Defendant Phelps, while acting under color of law, did knowingly and willfully combine, conspire, confederate, and agree with Defendants Gott, Cress and policymaker Sheriff Mike Evans to injure, oppress and intimidate Plaintiff in the free exercise and enjoyment of the rights and privileges secured to him by the Constitution and laws of the United States, namely the right to be free from unreasonable seizure.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment granting plaintiff:

50. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

51. A preliminary and permanent injunction ordering defendants to avoid on sight and award a (DND) do not detain order.

52. Compensatory damages in the amount $ 220,000.00 against each defendant, jointly and severally.

53. Punitive damages in the amount of $ 220,000.00 against each defendant.

54. Statutory damages and Reimbursement of funds paid or lost.

55. Plaintiff's costs in this suit.

56. Any additional relief this court deems just, proper and equitable

### DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues so triable.

Respectfully submitted,

Dated: 2/03/15

By: *[signature]*
By: Wayne E. Coleman
6974 Kim Lane
Friendship, MD 20758

## CERTIFICATION

I am not aware of any other case arising out of the facts stated herein or any other matter which may be brought as a result of facts stated herein.

Dated: 2/03/15

*[signature]*
Wayne E. Coleman

EXHIBIT 1

5 USC 552a (e)(3) authorizes a sovereign natural person ("Citizen") to use this form to collect information from the Public Servant to determine whether to divulge information to the Public Servant and employing Agency. Public Law 93-579 states: *"The purpose of this Act is to provide certain safeguards for an individual against invasion of personal privacy requiring Federal agencies... to permit an individual to determine what records pertaining to him are collected, maintained, used or disseminated by such agencies..."*

## PUBLIC SERVANT'S QUESTIONNAIRE (Refer to Privacy Act of 1974)

| Field | | | | |
|---|---|---|---|---|
| Public Servant Full Name | | ID # ☐ Refused? | | |
| Driver License # ☐ Refused? | | Badge # ☐ Refused? | | |
| Residence Address | Street | City | State | Zip |
| Office Mail Address | Street | City | State | Zip |
| Employing Agency or Dept | | Supervisor's Name | | |

1. Will Public Servant uphold the Constitution of the United States of America (required by USA & State Constitution & Law)? ☐Yes ☐No

2. Will Public Servant furnish a copy of the law or regulation which authorizes this investigation (5 USC 552a (e) (3) (A))? ☐Yes ☐No

3. Will Public Servant read aloud that portion of the law authorizing the questions Public Servant will ask (5 USC 552a (e) (3) (A))? ☐Yes ☐No

4. What prerogative does Citizen have in giving answers to Public Servant questions (5 USC 552a (e) (3) (A))? ☐Voluntary ☐Mandatory

5. What basis exists for asking the intended questions (5 USC 552a (d) (5), (e) (1))? ☐Specific law or regulation  ☐Used as a discovery process

6. What nature does this investigation have (5 USC 552a (e) (3) (A))? ☐General (multiple people involved) ☐Special (one person involved)

7. Does Public Servant reasonably anticipate that any information sought or collected in this investigation will form the basis of or lead to criminal action against Citizen or any other entity? ☐Yes ☐No

8. Will Public Servant guarantee only the department employing Public Servant will use the information or derivative thereof supplied by Citizen in this investigation (5 USC 552a (e) (10))? ☐Yes ☐No

9. Name all files of records, information, or correspondence related to Citizen that Agency maintains (PL 93-579 (b) (1))? → ☐None

10. Give the full name of the person in government requesting that Public Servant conduct this investigation (PL 93-579 (b) (1)) → ☐No One

11. Name and identify all third parties Public Servant consulted, questioned, interviewed, or received information from any third party relative to this investigation (5 USC 552a (e) (2), (d) (5)). → ☐None

12. Name all other agencies or government sources that supplied any information pertaining to Citizen (PL 93-579 (b) (1))? → ☐None

13. May Citizen have a copy of all information pertaining to Citizen that other agencies or government sources supplied (5 USC 552a (d) (1))? ☐Yes ☐No  (If no, state authority for withholding info) → ☐No Authority

14. What other uses may be made of this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → ☐None

15. What other agencies may have access to this information (5 USC 552a (e) (3) (B), (e) (3) (C))? → ☐None

16. What will be the effect upon Citizen if Citizen should choose not to answer any part of these questions (5 USC 552a (e) (3) (D))? → ☐None

Public Servant Affirmation: I swear or affirm under penalty of perjury that I have answered the foregoing questions correctly and completely in every particular. → Wet ink signature of Public Servant ___ Date

Citizen's Witnessing Name and Signature ☐Administered Oath  Date | Witness Name and Signature ___ Date

Note: Citizen may administer oath to Public Servant if no one else exists to witness Public Servant affirmation.

EXHIBIT 3

IN THE DISTRICT COURT OF MARYLAND FOR CALVERT COUNTY

STATE OF MARYLAND

VS

CASE NO.  006Q0HGR-006S0HGR
7/25/14

WAYNE EVERETT COLEMAN

TO:  Clerk of the District Court

NOTICE-MDR 727(i)

Please be advised that the following action has been taken by this office with respect to the defendant in the above captioned case:

( ) A charging document has been filed in the Circuit Court for Calvert County on _____

( ) The pending charging document in the District Court is to be amended or a new charging document filed therein charging an offense within the jurisdiction of the said Court.

( ) A Nol Pros is to be entered to count one only with the remaining charges set in the District Court for trial.

( ) Request that this matter be removed from the Stet docket and set in for trial.

(X) That the State would like to have this matter set in to be not prossed.

STATE'S ATTORNEY'S OFFICE FOR
CALVERT COUNTY

BY: _____
Andrew S. Rappaport
Assistant State's Attorney

DATE: May 23, 2014
cc:  State's Attorney's Office
     Wayne Coleman
     6974 Kim Lane
     Friendship, MD 20758