IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN 15 P 1:50

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

WAYNE E. COLEMAN,

    Plaintiff,

v.                      Case No.: GJH-15-920

CALVERT COUNTY, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Wayne E. Coleman has filed suit against Calvert County, the Calvert County Sheriff Department, Supervising Officer Phelps, Officer Gott, Officer Cress, and Mike Evans, alleging violations of his civil rights, pursuant to 42 U.S.C. § 1983. *See* ECF No. 2. Pursuant to 28 U.S.C. § 1446(d), Defendants removed this matter from the Circuit Court for Calvert County, Maryland to this Court. ECF No. 6.

This Memorandum Opinion and accompanying Order address Plaintiff's Motion for More Definite Statement (ECF No. 15) and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16). A hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons stated below, Plaintiff's Motion for More Definite Statement is DENIED and Plaintiff's Motion for Leave to Amend Complaint is GRANTED. Accordingly, Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgement (ECF No. 13) is DENIED without prejudice as moot.

## I. BACKGROUND

On February 4, 2014, Officer Gott pulled over a car being driven by Plaintiff because the car did not have license plates. ECF No. 2 at 2. Plaintiff, proceeding pro se, filed this action in the Circuit Court for Calvert County on February 4, 2015, alleging that the actions taken by Officer Gott during the stop violated his constitutional rights in a number of ways. *Id.* Defendants removed the case to this Court on March 30, 2015. ECF No. 1.

## II. DISCUSSION

### A. Motion for More Definite Statement

Plaintiff has filed a motion for more definite statement related to Defendants' Motion to Dismiss. ECF No. 15. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement may be filed in response to a pleading. Fed. R. Civ. P. 12(e). According to Rule 7(a), the following are considered pleadings: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the Court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, is not a pleading within the meaning of Rule 7(a). Accordingly, Plaintiff's Motion for More Definite Statement is DENIED.

### B. Motion for Leave to Amend Complaint

Next, the Court considers Plaintiff's Motion for Leave to Amend Complaint (ECF No. 16). Plaintiff argues that the motion should be granted "in furtherance of justice and filing of this amended complaint is necessitated primarily based on the facts uncovered during the pleading process." ECF No. 16-1. Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendants oppose the motion, arguing that the motion "should be denied because Plaintiff did not file a highlighted version identifying the amendments." ECF No. 20 at 2. Local Rule 103.6 requires "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." Loc. R. 103.6.c. However, pro se litigant pleadings "are held to a less stringent standard than formal pleadings drafted by lawyers," and the Court is not inclined to deny a motion for leave to amend a complaint based on this procedural flaw. *Awah v. Bd. of Educ.*, No. WMN-09-CV-1044, 2010 U.S. Dist. LEXIS 46033, at *5 (D. Md. May 11, 2010) (granting pro se plaintiff's motion to amend complaint despite plaintiff failing to adhere to Local Rule 103.6.c).

Defendants also argue that the Amended Complaint is futile because the previously submitted evidence "conclusively establish Defendants acted reasonably, lawfully and professionally throughout their interaction with Plaintiff." ECF No. 20 at 3. "A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citations omitted). However, "'if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief' and the plaintiff moves to amend, the Court should grant the motion to give the plaintiff 'opportunity to test his claim on the merits.'" *Crump v. Montgomery Cty. Bd. of Educ.*, No. PWG-12-3378, 2013 U.S. Dist. LEXIS 153319, at *12 (D. Md. Oct. 25, 2013). "Determining whether amendment would be futile does not involve 'an evaluation of the underlying merits of the case.'" *Id.* Instead, "'the merits of the litigation' are relevant to the Court's ruling on a motion for leave to amend only if 'a proposed amendment may clearly be seen to be futile,' such as 'if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.'" *Id.* at *12–*13 (citations omitted). Plaintiff's

Amended Complaint includes several claims for relief. *See* ECF No. 16 at 6–17. Even a cursory review, however, indicates that deficiencies existing in the original complaint may not have been cured by amendment. Nonetheless, the Court does not find prejudice, bad faith, or that the amendments are clearly futile. Thus, the Court will allow this amendment so that the pro se Plaintiff's claims receive full consideration by this Court. To the extent Defendants contend that arguments in their Motion to Dismiss are not impacted by the Amended Complaint, they may file a Motion to Dismiss the Amended Complaint that incorporates the arguments made in their pending motion. Plaintiff's Motion for Leave to Amend Complaint is GRANTED.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for a More Definite Statement is DENIED, Plaintiff's Motion for Leave to Amend Complaint is GRANTED, and Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is DENIED without prejudice as moot. A separate order shall follow.

Dated: January 15th, 2016

GEORGE J. HAZEL
United States District Judge