IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| WAYNE E. COLEMAN, | * |
| Plaintiff, | * |
| v. | *    Case No.: GJH-15-0920 |
| CALVERT COUNTY, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Presently pending before the Court is a Motion for Sanctions or, In the Alternative, Motion to Amend the Scheduling Order, ECF No. 44, filed by Defendants Sheriff Evans, Officer Phelps, and Officer Gott ("Defendants"). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion is granted, in part, and denied, in part. The current Scheduling Order will be amended, extending the deadlines for discovery.

### I. BACKGROUND

*Pro se* plaintiff Wayne E. Coleman originally brought suit against Evans, Phelps, Gott, and other defendants, alleging violations of his civil rights, pursuant to 42 U.S.C. § 1983, arising from a traffic stop in February 2014. *See* ECF No. 16. Upon Defendants' Motion to Dismiss, ECF No. 27, the Court dismissed all but one aspect of Count I of Plaintiff's Amended Complaint — that is, the unreasonable search and seizure claim against Gott, Phelps, and Evans in their individual capacities. *See* ECF No. 32 at 1.[1] The Court issued a Scheduling Order on October 6, 2016, requiring all depositions and other discovery to be completed by January 16, 2017. ECF

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

No. 36. The Court granted Plaintiff's Motion for Extension of Time, ECF No. 37, extending the discovery deadline to February 15, 2017. ECF No. 38.

On November 7, 2016, Defendants Phelps and Gott sent Interrogatories and Requests for Production of Documents to Plaintiff Coleman. ECF No. 39-1 at 2; ECF No. 39-2 at 2–15. Defendants' counsel also requested to schedule Coleman's deposition. ECF No. 39-1 at 2; ECF No. 39-3 at 2. Defendants state that Plaintiff did not respond to these communications. ECF No. 39-1 at 3. On November 21, 2016, Defendants' counsel mailed a Notice of Deposition, scheduling Coleman's deposition for December 22, 2016. *Id.* According to Defendants, Plaintiff did not reply, nor did he respond to another letter sent by Defendants on December 15, 2016. *Id.* Plaintiff also did not appear for the deposition scheduled on December 22, 2016, and he did not answer or respond to Defendants' phone calls. *Id.* at 3–4. Defendants received a letter from Plaintiff on January 30, 2017, stating that he had received the discovery requests but had yet to receive Defendants' initial disclosures. ECF No. 39-8 at 2. Plaintiff further stated that, "[m]y thoughts are, that you would have access to everything about me, but will supply what you request, within reason." *Id.* He also inquired about the possibility of conducting the deposition by telephone because he "found it difficult to get about and spend[s] most of [his] time at home." *Id.*

Defendants filed their first Motion for Sanctions against Coleman on January 31, 2017. ECF No. 39. The Court issued a Letter Order on February 17, 2017, declining to issue sanctions, but instructing Plaintiff to provide full and complete responses to Defendant's discovery requests by March 6, 2017. ECF No. 42. Plaintiff filed an "Affidavit of Objections and Responses to Defendants' Interrogatories," providing some written responses and documents to Defendants on March 5, 2017. ECF No. 43. Defendants have not filed a Motion to Compel, but have now filed a

2

second Motion for Sanctions, arguing that Plaintiff has failed to comply with the Court's Order to provide full and complete responses.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(b)(2)(A), the Court has broad discretion when determining whether to impose sanctions on a party for failing to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). To resolve this inquiry, the Court considers four factors: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice the non-compliance caused the other party; (3) the need for deterring this kind of non-compliance; and (4) whether less drastic sanctions would be effective. *Paice, LLC v. Hyundai Motor Co.*, No. CIV. WDQ-12-499, 2015 WL 302757, at *3 (D. Md. Jan. 22, 2015) (citing *Southern States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

Sanctions that may be imposed include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). "Dismissal with prejudice is ordinarily reserved for the most egregious cases." *Pinkney v. Thigpen*, No. CIV.A. WGC-12-2062, 2014 WL 4825884, at *2 (D. Md. Sept. 24, 2014) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978)); *see also Goldring v. Town of La Plata, Md.*, No. CIV.A. DKC 2004-1052, 2005 WL 1075435, at *1 (D. Md. May 4,

3

2005) (declining to dismiss case and noting that "[s]uch a drastic sanction . . . may not be imposed except in the most compelling circumstances.").

III. ANALYSIS

Here, it appears that Plaintiff is acting in bad faith. The Court acknowledges Coleman's *pro se* status and self-described health issues. *See* ECF No. 41. However, Mr. Coleman failed to appear for his deposition scheduled on December 22, 2016, gave no notice to Defendants, did not answer Defendants' telephone calls on the day of the deposition, and apparently did not communicate with Defendants in any way until one month later. Furthermore, Plaintiff's most recent responses and productions of documents, as described more fully below, are inadequate and incomplete. Such conduct should be deterred, both in this case and future cases. Nevertheless, the Court is mindful that Plaintiff did submit some responses, though lacking in detail, in a timely fashion following the Court's February 21, 2017 Letter Order. *Compare Hughley v. Leggett*, No. CIV.A. DKC 11-3100, 2013 WL 3353746, at *2 (D. Md. July 2, 2013) (finding dismissal appropriate where "plaintiff brings suit and then utterly fails to participate in discovery or otherwise respond"). Thus, Plaintiff, acting without counsel, has made at least some attempt to participate in discovery.

Prejudice caused to Defendants is minimal at this juncture. While Defendants may spend "additional time and resources" investigating the case, Defendants make no specific allegation about actual prejudice to their case. *See Bradshaw v. Vilsack*, 286 F.R.D. 133, 141 (D.D.C. 2012) (finding no actual prejudice to defendant's case where plaintiff had delayed discovery, but defendants made no showing that they could not present their case). Accordingly, the Court determines that amending the Scheduling Order and issuing further admonitions to Plaintiff is

sufficient at this juncture. Plaintiff should be aware, however, that any failure to comply with the following instructions **will** result in the dismissal of his case with prejudice.

First, Plaintiff shall work with Defendants to identify a mutually agreeable time and location for his deposition. Plaintiff must appear for this deposition and participate in good faith. *See Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424, 428 (W.D.N.C. 1990), *aff'd*, 923 F.2d 849 (4th Cir. 1991) (issuing three discovery orders "directing Plaintiff to submit to the taking of his deposition").

Second, Plaintiff must supplement his Responses to Defendants' Interrogatories and Requests for Production, as many of his answers are vague or incomplete. Specifically, the instruction to the Interrogatories appropriately provides that "[w]here the name or identity of a person is requested, and the question refers to any individual, partnership, firm, or corporation, your answer should include the full name, home address, telephone number and also business address, if known." *See* ECF No. 39-2 at 2. Thus, Plaintiff shall provide a more detailed response regarding his employment history under Defendant Gott's Interrogatory No. 2,[2] including the names, telephone numbers, and addresses of his employers, and also provide the telephone numbers and addresses of the persons Plaintiff named in Gott's Interrogatory No. 5.[3] Plaintiff should also supplement his response, to the extent he has such knowledge, regarding "medical and other expenses . . . incurred as a result of the injuries" under Interrogatory No. 14.[4]

---

[2] "Identify all of your employers during the past ten years, the inclusive dates of your employment with each such employer, your duties for each such employer, and the reason for cessation of your employment with each such employer." ECF No. 39-2 at 3 ¶ 2.

[3] "Identify all persons not previously identified in your answers to these interrogatories who may have personal knowledge of any facts concerning the cause or circumstances of the occurrence of which you complain and/ or of any injuries or damages resulting from the occurrence, stating as to each such person the nature of his or her personal knowledge." ECF No. 39-2 at 3 ¶ 5. Plaintiff has identified "Brenda Jones," his landlord, and Herbert Fuller, his "potential business partner." ECF No. 44-2 at 3.

[4] "Itemize in detail all medical and other expenses (including property damages or losses) that you incurred as a result of the injuries that resulted from the remaining claims of which you complain, stating for each such expense the identity of the person to whom such expense was incurred, the date on which such expense was incurred, the

5

Additionally, Coleman shall provide a more responsive answer to Defendant Phelps' Interrogatories Nos. 2–5 and Gott's Interrogatories Nos. 23–24.[5] Specifically, such answers should describe the physical location of any of Coleman's identification cards, including but not limited to his personal identification card and/or Virginia's driver's license, throughout the February 4, 2014 traffic stop from beginning to end (i.e. on his person, in his vehicle, etc.).

With respect to Defendants' Requests for Production, Plaintiff is to clarify whether he possesses any recordings or transcripts consistent with Request No. 8.[6] Plaintiff shall also provide the "medical reports and other documents that contain any diagnosis, description of treatment or prognosis for injuries or complaints that resulted from the occurrence," which are in his custody or control, referenced in Request No. 4,[7] to which Plaintiff has responded, "Contact Jonathan J. Hennessee, DO."[8]

Should Plaintiff choose not to comply with these discovery orders moving forward, his case will be dismissed with prejudice. Defendants' Alternative Motion to Amend the Scheduling Order is hereby granted, in part, and the current deadlines will be extended to June 15, 2017 and July 15, 2017, respectively. *See* ECF No. 38.

---

total amount of such expense, and if such expense has been paid, by whom, and identify every bill, receipt, or check evidencing such expenses." ECF No. 39-2 at 5 ¶ 14. Plaintiff responds, "Contact Jonathan J. Hennessee, DO for medical." Plaintiff also states that the brakes on his truck had to be replaced, but does not provide any more information.

[5] Phelps' Interrogatory No. 2, for example, states: "Identify the location of any state or federal government identification issued to you from the time the vehicle you were driving was stopped for a traffic violation until the time you began to walk away from the traffic stop." ECF No. 39-2 at 7. Defendants claim that Plaintiff was being "evasive" and avoiding the "thrust of the interrogatory" in his response. ECF No. 44-1. This is possible; however, it is also possible that Plaintiff did not understand the "thrust of the interrogatory."

[6] "All recordings or transcripts of any official proceedings that resulted from the occurrence of which you complain." ECF No. 39-2 at 11 ¶ 8.

[7] "All medical reports and other documents that contain any diagnosis, description of treatment or prognosis for injuries or complaints that resulted from the occurrence." ECF No. 39-2 at 11 ¶ 4.

[8] Plaintiff has sought compensatory and punitive damages for alleged injuries suffered in this case. ECF No. 16 at 17. Thus, such records are plainly relevant. "Plaintiffs may not withhold from the defendant as irrelevant medical records that could be probative of potential causes contributing to plaintiffs' alleged injuries." *Moore v. Chertoff*, No. 00-953(RWR)(DAR), 2006 WL 1442447, at *3 (D.D.C. May 22, 2006).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Sanctions or, In the Alternative, Motion to Amend the Scheduling Order, ECF No. 44, is granted, in part, and denied, in part. A separate Order shall issue.

Date: April 24, 2017

_____
GEORGE J. HAZEL
United States District Judge