IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

WAYNE E. COLEMAN,

    Plaintiff,

v.                         Case No.: GJH-15-0920

CALVERT COUNTY, *et al.*,

    Defendants.

## MEMORANDUM OPINION

In this civil rights action brought under 42 U.S.C. § 1983, Plaintiff Wayne E. Coleman alleges that his Constitutional rights were violated during a traffic stop and subsequent search performed by officers of the Calvert County Sherriff's Department. On September 22, 2016, this Court granted summary judgment to all Defendants on all counts except for Coleman's unreasonable search and seizure claim against Officers Gott, Phelps and Evans in their individual capacities. ECF No. 32 at 1.[1] Phelps, Gott and Evans, filed a second Motion for Summary Judgment on July 14, 2017. ECF No. 52. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion for Summary Judgment is granted.

### I.    BACKGROUND[2]

Coleman's Complaint focuses on the events of February 4, 2014. That morning, Coleman was driving his pick-up truck home along Route 260 when Officer Gott pulled him over for not having a rear license plate. ECF No. 52-3 at 5. Gott approached the driver's side door, informed

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] The facts relied on herein are either undisputed or viewed in the light most favorable to the Plaintiff, and are drawn from the evidence submitted by both parties.

Coleman that he lacked a rear license plate, and asked for identification. *Id.* Coleman handed Gott a sovereign citizen "personal identification card"[3] and a "Public Servant's Questionnaire." *Id.* at 5–6. The Questionnaire asserted the right of a "sovereign natural person" to collect information from a "Public Servant" pursuant to 5 U.S.C. § 552a(e)(3). *Id.* at 5. Upon receiving these papers, Gott returned to his vehicle and requested a supervisor because Coleman was not providing his license. ECF No. 52, Ex. A at 09:47:30.[4]

Supervising Officer Phelps then arrived on the scene. ECF No. 52, Ex. A at 09:45:55. Both Phelps and Gott approached the driver's side window of the truck, and Phelps asked Coleman to produce a driver's license, telling him he could go to jail for failing to produce a license during a traffic stop. ECF No. 27, Ex. A at 09:51:00. After Coleman failed to comply, Phelps opened the truck door, took Coleman's hand, and said, "climb on out, I don't want to drag you out of the vehicle." *Id.* at 09:51:17. At the same time, the two officers grabbed each of Coleman's arms and moved him to the side of the truck. *Id.* at 09:51:17. The officers placed Coleman's hands on the truck and frisked him after he reached for his back pocket. *Id.* at 09:51:26. The officers additionally searched inside at least some of Coleman's pockets and seized a wallet; they also lifted off his hat and looked underneath it. *Id.* Inside the wallet, the officers found Coleman's Virginia driver's license.[5] ECF No. 52-3 at 13. Phelps escorted Coleman by his shirtsleeve behind the truck and ordered him to sit on the roadside guardrail. ECF No. 52, Ex. A at 09:52. At this point, Officer Cress arrived on the scene. *Id.* at 09:53:45.

---

[3] A copy of this card was provided to the Court. ECF No. 52-4. The card purports to represent the "Sovereign Right of a Natural Person to Operate a Private Conveyance Non-Citizen Nationality." The card does not indicate that it is issued by any government or private organization. It lists the "Name of Natural Person" as "Wayne Coleman" and provides a "[d]omicile[]" for him. The card also states "Long of Tooth" next to the date "03/09/1957." As noted by the Defendants, "[i]t did not contain a photograph, [or] soundex number." ECF No. 52-1 at 6.
[4] The pin cites for the video refer to time stamps embedded on the bottom-right corner of the video.
[5] A copy of Coleman's license was provided to the Court. ECF No. 50 at 1. The address listed on Coleman's driver's license is not the address listed next to "Domiciled at" on Coleman's "sovereign identity" card.

2

The officers informed Coleman that his truck would be impounded because it could not be legally operated without a rear plate. *Id.* at 10:09:15. Phelps asked Coleman if he wanted anything from the truck before it was towed, and Coleman mentioned only an unsealed, stamped letter that Phelps brought to him. *Id.* at 10:10:30. Coleman was charged criminally for driving an uninsured vehicle, failing to attach registration plates, and operating an unregistered vehicle on the highway. ECF No. 27-4. But rather than making a custodial arrest, the officers issued Coleman a summons. *Id.*

In his Complaint, Coleman raised a number of claims against Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1986, 18 U.S.C. § 241, Maryland state law and Maryland's Declaration of Rights. ECF No. 16 ¶¶ 23–96. Coleman sought the following relief: a declaration that his rights were violated; an injunction ordering Defendants to avoid Coleman on sight and forbidding them from detaining him; compensatory and punitive damages; statutory damages and reimbursement of funds paid or lost; and court costs. *Id.* ¶¶ 97–102.

On September 22, 2016, the Court granted in part Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 27; ECF No. 32. The Court granted summary judgment to "Defendants on all counts except for the unreasonable search and seizure claim in Count I with respect to Gott, Phelps, and Evans in their individual capacities." *Id.* at 22. Regarding that claim, the Court reasoned that while Gott and Phelps had "a reasonable suspicion that Coleman was armed and dangerous," there "remains an issue of whether the officers exceeded the permissible scope of the frisk" when they searched Coleman's pockets. *Id.* at 10. In its Memorandum Opinion, the Court noted that Defendants had raised the argument that the officers had probable cause to arrest and search Coleman based on his failure to provide satisfactory identification. *Id.* at 11 n.8. However, the Court denied summary judgment at that

time as the Court did not have knowledge of "the contents of the card" that Coleman provided to the officers before the search, which could have negated probable cause if the information provided was sufficient. *Id.*

On July 14, 2017, Defendants filed the now-pending Motion for Summary Judgment. ECF No. 52. On July 17, 2017, a letter was sent to Coleman, advising him of his right to respond to the Defendants' Motion. ECF No. 53. On August 7, 2017, Coleman filed a Response in Opposition to Defendants' Motion for Summary Judgment, ECF No. 55, which he amended on August 9, 2017, ECF No. 56.

## II. STANDARD OF REVIEW

"Under [Federal Rule of Civil Procedure] 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. Importantly, at the summary judgment stage, it is not the Court's function to weigh the evidence but simply to decide if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). A dispute of material fact is genuine if the conflicting evidence creates "fair doubt," *Cox v. Cnty. Of Prince William*, 249 F.3d 295, 299

(4th Cir. 2001), such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. Nevertheless, a "mere scintilla of proof" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003) (citing *Anderson*, 477 U.S. at 252). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

## III. DISCUSSION

In their Motion for Summary Judgment, Defendants make two arguments as to why the Court should grant summary judgment on their behalf.[6] First, Defendants argue that they had probable cause to arrest Coleman at the time they searched his pockets, and that the search was therefore valid as a search incident to arrest. *See* ECF No. 52-1 at 5. Second, Defendants argue that, at the very least, they are entitled to qualified immunity "given the complete absence of any case, reported or otherwise, addressing the set of circumstances deputies were confronted with in this case." *Id.* The Court addresses these arguments in turn below.

---

[6] The Defendants make a third argument solely regarding Sheriff Evans, who Coleman conceded at his deposition was not involved in Coleman's traffic stop or subsequent search. *See* ECF No. 52-3 at 12. The only claims remaining are regarding the search of Coleman's person once he exited the truck. ECF No. 32 at 11–12. Defendants argue—and Coleman does not contest—that because "Sheriff Evans was not on the scene" he "did not participate in any law enforcement action involving Plaintiff." ECF No. 52-1 at 11. The Court agrees, and grants summary judgment in favor of Sheriff Evans.

5

### A. Warrantless Search Incident to Arrest

Defendants argue that their search of Coleman was justified as a warrantless search incident to arrest. Specifically, Defendants point to Maryland Code, § 26-202, which provides that "[a] police officer may arrest without a warrant a person for a violation of the Maryland Vehicle Law . . . if . . . [t]he person has committed or is committing the violation within the view or presence of the officer, and . . . does not furnish satisfactory evidence of identity." Defendants contend that Plaintiff violated the Maryland Vehicle Law requiring a rear license plate, Md. Code Ann., Transp. § 13-411, the "sovereign citizen" identification card that Coleman provided was not "satisfactory," and that, as a result, they had cause to arrest Coleman and any search was justified as being incident to that arrest.[7]

The Fourth Amendment protects individuals from "unreasonable searches and seizures." It is well-established that when a police officer arrests an individual, "it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape . . . [and] to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Chimel v. California*, 395 U.S. 752, 762–63 (1969). In *United States v. Robinson*, 414 U.S. 218, 235 (1973), the Supreme Court clarified that while the authority to search incident to arrest stems from the "need to disarm and to discover evidence," "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." Also of importance here, however, the authority to search incident to arrest does not extend to situations where a

---

[7] In opposition, Coleman dismisses Defendants' Motion as a "frivolous and abusive rant" (it is unclear what Coleman finds abusive), and seems to deny the veracity of his deposition (which he refers to as an "unsigned, unendorsed document"), while also denying that he is "a card carrying member of a sovereign group" or that he "is the property and 'slave inhabitant' of MARYLAND." ECF No. 56 at 2.

6

police officer chooses to issue a citation rather than execute a custodial arrest. *Knowles v. Iowa*, 525 U.S. 113, 118–119 (1998). Finally, where an officer has probable cause to arrest an individual, the officer may search the individual incident to arrest even where the officer does not arrest the individual prior to the search, so long as the results of the search are not used to justify the arrest. *See Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."); *Sibron v. New York*, 392 U.S. 40, 63 (1968) ("It is axiomatic that an incident search may not precede an arrest and serve as part of its justification."). However, neither the Supreme Court nor the Fourth Circuit has determined whether a search is valid incident to an arrest where, as here, *based on the results of the search*, the officer ultimately does not make an arrest.

Other courts have addressed similar issues, albeit with conflicting results. For instance in *United States v. Hawkins*, No. 00-CR-53-BS, 2001 WL 103542, at *1 (D. Me. Feb. 6, 2001), *aff'd*, 279 F.3d 84 (1st Cir. 2002), the defendant was unconscious in a hospital at the time of the search in question, having been in a serious motorcycle accident while being pursued by police for driving erratically. Despite periods where the defendant was conscious, there was no indication of an arrest until days later. *Id.* at *6–7. Thus, the district court found that where there was "no evidence that anyone arrested Defendant before, or soon after, the search," the search was improper because the "incident to an arrest" rule applied only where "the *formal arrest* followed quickly on the heels of the challenged search." *Id.* at *7 (emphasis in original). Similarly, the Ninth Circuit has "decline[d] to extend the doctrine of 'search incident to arrest' to give protection for a warrantless search or seizure when no arrest is made." *Menotti v. City of Seattle*, 409 F. 3d 1113, 1153 (9th Cir. 2005).

7

On the other hand, however, in *Evans v. Solomon*, 681 F. Supp. 2d 233, 249 (E.D.N.Y. 2010), a case with strikingly similar facts to this one, the district court held that even where the plaintiff was not arrested, an officer's search was valid as a search incident to arrest. In *Evans*, U.S. Park Police pulled over a car and asked the driver repeatedly for his license, which he refused to provide. *Id.* at 238. The officers removed the plaintiff from his vehicle, told the driver that he could be arrested, pinned him against the vehicle, and pulled his wallet out of his pocket to obtain his driver's license. *Id.* at 239. The officers ultimately did not arrest the driver, and the plaintiff subsequently initiated a *Bivens* claim against the officers, arguing that the search was unlawful. In finding that the search was proper, the court reasoned that "an officer should be entitled to search an individual for his identification once probable cause to arrest was established regardless of the officer's decision to arrest or not arrest the individual." *Id.* at 251. "Moreover, if an officer initially determines to arrest an individual and conducts a search prior to the arrest, a later change of mind not to effectuate the arrest should not make the search unlawful." *Id.*

Here, the Court finds that, like in *Evans*, the search was reasonable, was justified as a search incident to arrest and, under the circumstances, was not made unlawful by a later decision not to arrest. Maryland Transportation Article § 26-202 permits an officer to arrest without a warrant for violation of a traffic law if the violation is committed in view of the officer and the person does not furnish satisfactory evidence of identity. § 26-202(a)(2)(i). Defendants had stopped Coleman for a traffic violation, and he failed to provide them with satisfactory evidence of identification. Therefore, they had cause to arrest him under Maryland Code, § 26-202.[8]

---

[8] Defendants assert that the sovereign identity card was not satisfactory proof of identification because Defendants were "unable to establish Plaintiff's identity" based on the information on the card, even after they radioed in his name and the "Long of Tooth" date on the card. ECF No. 52-1. In his Opposition, Coleman does not dispute that the "sovereign identity" card was insufficient proof of evidence under § 26-202. *See* ECF No. 55. The Fourth Circuit

Pursuant to the Supreme Court's holdings in *Rawlings* and *Sibron*, the officers were permitted to search first assuming "the formal arrest [would follow] quickly on the heels of the challenged search," *Rawlings*, 448 U.S. at 111, so long as the evidence found was not used to justify the arrest, *Sibron*, 392 U.S. at 63. However, the results of the search, the discovery of Coleman's proper identification, negated the justification for the arrest. But it is only through the benefit of hindsight that we now know that what was found would cause the officers not to arrest Coleman. At the time the search was performed, the officers' actions were reasonable and justified as a search incident to arrest. *See, cf., Ornelas v. United States*, 517 U.S. 690, 697 (1996) ("The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause."); *United States v. Robinson*, 414 U.S. 218, 235 (1973) ("A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick ad hoc judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search.").

The Court stresses that this was not a situation where the officers are retroactively asserting their intent to arrest Coleman to justify what was obviously a search for criminal evidence; in the video of their interaction with Coleman, the officers inform Coleman that after being stopped for a traffic violation "if you don't produce your ID, you go to jail." ECF No. 52, Ex. A at 09:51 AM. Presumably, the only reason the officers did not ultimately arrest Coleman

---

has previously held that providing officers with one's name and date of birth is insufficient evidence of identity under § 26-202, where the officers could not "confirm his identity" in "any database." *United States v. Bethel*, 52 Fed. App'x 609, 612 (4th Cir. 2002). Having reviewed the card, which did not clearly specify a date of birth, did not have a soundex or personal identification information, did not have a photograph, and had an address that did not match Coleman's driver's license, the Court concludes that the card did not constitute satisfactory proof of identification.

was because they found his driver's license in his pocket. The actions of the officers here were reasonable.

Defendants' Motion for Summary Judgment, ECF No. 52, is granted.

### B. Qualified Immunity

Defendants argue that even if their search of Coleman's person was not lawful, they are entitled to qualified immunity. The doctrine of qualified immunity shields police officers performing discretionary duties from "civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "protects police officers and public officials from claims of constitutional violations 'for reasonable mistakes as to the legality of their actions.'" *McDaniel v. Arnold*, 898 F. Supp. 2d 809, 831–32 (D. Md. 2012) (citing *Merchant v. Bauer*, 677 F.3d 656, 661 (4th Cir. 2012)). This doctrine "applies regardless of whether the officer's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (citing *Butz v. Economou*, 438 U.S. 478, 507 (1978)); *see also Gomez v. Atkins*, 296 F.3d 253, 261 (4th Cir. 2002) (noting that qualified immunity protects law officers from "bad guesses in gray areas," such that they are personally liable only "for transgressing bright lines").

An officer is protected from liability under § 1983 based on qualified immunity unless 1) the facts alleged show the officer's conduct violated a constitutional right, and 2) the right violated was clearly established at the time the officer's conduct occurred. *See Streater v. Wilson*, 565 F. App'x. 208, 210 (4th Cir. 2014). With respect to the second prong, "[f]or a right to be clearly established, its contours 'must be sufficiently clear [such] that a reasonable official would [have] underst[ood] that what he is doing violates that right.'" *Owens v. Baltimore City*

*State's Attorneys Office*, 767 F.3d 379, 398 (4th Cir. 2014) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). A "case directly on point" is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also Mathis v. McDonough*, No. CIV.A. ELH-13-2597, 2015 WL 3853087, at *23 (D. Md. June 19, 2015) ("In determining whether a right was clearly established, courts in this Circuit ordinarily need not look beyond the decisions of the Supreme Court, the Fourth Circuit, and the highest court of the state in which the case arose, as of the date of the conduct at issue.") (citing *Doe ex rel. Johnson v. S.C. Dept. of Soc. Servs.*, 597 F.3d 163, 176 (4th Cir. 2010)) (internal alterations omitted).

Even if Defendants' search of Coleman violated his constitutional rights, the Court agrees that when Defendants searched Coleman, it was, at the very least, not "clearly established" that a search incident to arrest is unlawful if the individual being searched was not arrested because the items found negated the basis for the arrest. The fact that neither the Supreme Court nor the Fourth Circuit have previously ruled on this issue and that other courts have come to conflicting decisions on similar issues indicates that this "constitutional question" was not "beyond debate" when Defendants searched Coleman. As such, even if the Court were to find that Defendants violated Coleman's Fourth Amendment rights, it would find that they are entitled to qualified immunity, and grant their Motion for Summary Judgment on that basis as well.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 52, is granted. A separate Order shall issue.

Date: March 6, 2018

GEORGE J. HAZEL
United States District Judge